IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID LEE TURNER,

    Petitioner,

                                                                                                           CV 08-768-JCH/CEG

v.                                                                                                          CR 04-1849-JCH

UNITED STATES OF AMERICA,

    Respondent.

### **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on David Lee Turner's ("Mr. Turner" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2555, filed August 19, 2008, and his "Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence," filed the same day. See docket nos. 1 and 2. In his Petition, Mr. Tucker asserts that his Sixth Amendment rights were violated when hearsay evidence was introduced at trial and his attorney did not object. Docket no. 1 at 6-7; docket no. 2 at 2-6. I disagree, and, for the reasons below, recommend that Mr. Turner's § 2255 petition be denied.

Factual Background

The following factual background is taken from the Tenth Circuit Court of Appeals' unpublished opinion in Petitioner's case on direct appeal. The summary is added for the purpose of providing context to the claims in Mr. Turner's current petition.

On July 19, 2004, Mr. Turner entered a border patrol checkpoint near Alamogordo, New Mexico. Docket no. 5, exhibit A at 2. As Border Patrol Agent Eduardo Ortiz ("Agent Ortiz") questioned Mr. Turner about his citizenship, he detected a strong odor of marijuana in the cab of Mr. Turner's tractor-trailer rig. Id. Agent Ortiz directed Mr. Turner to a secondary inspection

area where Agent Matt Carpela ("Agent Carpela") ran a drug-detecting dog around the truck. Id. The dog alerted to the presence of narcotics in the cab area, Agent Carpela searched the cab, and the agent found three duffle bags containing a substance that field-tested as marijuana. Id. Agent Carpela testified he "was told by other agents" that the marijuana found in the cab weighed 168 pounds. Id.

Agent Carpela also physically inspected the inside of Mr. Turner's trailer, discovering sixteen large, shrink-wrapped boxes that were inconsistent with the rest of Mr. Turner's load. Id. Ten agents assisted Ortiz and Carpela in removing the boxes from the trailer and Agent Carpela testified each box was too heavy for one person to lift. Id. The boxes contained individually wrapped bundles of marijuana, which were weighed by the agents. Id. Agent Carpela was involved in opening the boxes, placing the bundles on the scale, and re-stacking the bundles. Id. Agent Carpela testified the total weight of the marijuana found in the trailer exceeded 1000 kilograms, but admitted on cross-examination that he did not personally calculate the total weight. Id. at 2-3. Agent Ortiz, however, testified that sixteen boxes were removed from the trailer and the total weight of the marijuana in those boxes was 3532 pounds, which is more than 1000 kilograms. Id. at 3. Mr. Turner did not object to the foundation of Agent Ortiz's testimony and Agent Ortiz was not cross-examined. Id.

DEA Agent Amy Billhymer obtained samples of the marijuana found in the cab and trailer of Mr. Turner's rig and sent those samples to a DEA laboratory. Id. The samples were analyzed by DEA forensic chemist Allayne Furguson ("Ms. Furguson"). Id. Relying on the information recorded on Government Exhibit 15, Ms. Furguson testified the marijuana seized from Mr. Turner's cab weighed 70.7 kilograms and the marijuana in the trailer weighed 1344.2 kilograms. Id. Government Exhibit 15 was admitted into evidence without any objection from

Mr. Turner and is comprised of two documents both entitled "Report of Drug Property Collected, Purchased, or Seized." Id.

## Procedural History

On September 16, 2004, a grand jury in the District of New Mexico returned a two-count indictment against Petitioner and a co-defendant. See CR 04-1849-JCH, docket no. 22. On January 14, 2005, on the Government's motion, Count 1 of the indictment was dismissed as to both defendants, and Count 2 was dismissed as to Mr. Turner's co-defendant. Id., docket nos. 54 and 55. On March 6, 2006, Mr. Turner proceeded to trial on the remaining charge of possession with intent to distribute marijuana. Id., docket no. 79. On March 7, 2006, the jury returned a guilty verdict. Id., docket no. 81. On August 11, 2006, United States District Judge Judith C. Herrera sentenced Mr. Turner to 121 months of imprisonment, and the judgment was filed on the same day. Id., docket nos. 87 and 88. On August 21, 2006, Petitioner filed a motion to extend the deadline for filing a notice of appeal, and on August 23, 2006, the District Court granted the motion for a 30-day extension. Id., docket nos. 90 and 92. Also on August 23, 2006, Mr. Turner timely filed a pro se notice of appeal. Id., docket no. 94.

On January 31, 2007, Mr. Turner filed his brief in the Tenth Circuit Court of Appeals. See General Docket, Tenth Circuit Court of Appeals, Docket no. 06-2295, Entry nos. 1997201 and 1997202. The sole issue raised by Petitioner in the Tenth Circuit was "[w]hether the district court committed plain error in admitting into evidence the out-of-court statements of law enforcement personnel regarding the weight of the marijuana seized from Mr. Turner's truck." Id., Entry no. 1997201 at 1. On June 28, 2007, the Tenth Circuit affirmed Petitioner's conviction. Id., Entry no. 2041889. The Tenth Circuit found:

> . . . [Mr.] Turner 'bears the burden of establishing the error

3

> impacted substantial rights by demonstrating the outcome of the
> trial would have been different but for the error. [Citation omitted].
> Accordingly, [Mr.] Turner must show there is a reasonable
> probability that, absent the alleged error, the jury would not have
> found the weight of the marijuana exceeded 1000 kilograms.
> There was, however, a significant amount of evidence to support
> the jury's finding.  In addition to [Agent] Ortiz's uncontroverted
> testimony that the drugs found in [Mr.] Turner's trailer weighed
> more than 1000 kilograms, the Government introduced
> photographs of the sixteen enormous boxes removed from the
> trailer and the bundles of marijuana removed from those boxes.  In
> light of this evidence, we cannot conclude there is a reasonable
> probability that, absent the alleged testimonial hearsay, the jury
> would not have found the marijuana weighed more than 1000
> kilograms.

Docket no. 5, exhibit A at 6-7.  Mr. Turner did not file a writ of certiorari with the United States Supreme Court.  See docket no. 2 at 2.

Petitioner timely filed the instant petition on August 19, 2008.  See docket no. 1.  Mr. Turner's petition alleges two substantially similar grounds for relief.  Id. at 6-7.  In claim one, Petitioner alleges a "Sixth Amendment right violation for failing to object [to the] admission of Government evidence," and in claim two Petitioner asserts a "Sixth Amendment violation for failure to object to [a] Confrontation Clause violation of hearsay testimony."  Id.  Essentially, Petitioner contends his trial counsel was ineffective for failing to object because the Government's evidence as to the weight of the marijuana was hearsay admitted in violation of the Confrontation Clause.  See docket no. 2 at 2-6.

On August 22, 2008, the District Judge referred the case to the undersigned "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Docket no. 3.  On September 29, 2008, the Government filed its Response to Defendant's § 2255 Motion to Vacate, Set Aside or Correct Sentence, which essentially denies all of Petitioner's

substantive claims.  Docket no. 5.  On October 14, 2006, Mr. Turner filed a reply to the Government's response.  Docket no. 6.

Analysis

To establish ineffective assistance of counsel, Petitioner must meet the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  "Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice, with performance being measured against an objective standard of reasonableness under prevailing professional norms."  Rompilla v. Beard, 545 U.S. 374, 380 (2005) (citations and internal quotation marks omitted).  In order to prevail on a claim of ineffective assistance, Petitioner must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to Mr. Turner] by the Sixth Amendment," Strickland, 466 U.S. at 687, and that (2) counsel's performance prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  When reviewing an ineffective assistance of counsel claim, the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. at 689.

Guided by Strickland, the Court proceeds under a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, . . . the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Strickland, 466 U.S. at 689.  Strategic decisions of trial counsel are ordinarily shielded from charges of ineffectiveness.  "Tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance."  Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir. 1995) (citations omitted).  "For counsel's

advice to rise to the level of constitutional ineffectiveness, the decision [of counsel] . . . must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy." Hatch, 58 F.3d at 1459 (quotation omitted).

The Court, in first addressing the prejudice prong, notes that as stated above, Mr. Turner must show his trial counsel's performance prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Strickland, 466 U.S. at 694. In his direct appeal to the Tenth Circuit, Mr. Turner argued that the Government's evidence as to the weight of the marijuana was hearsay admitted in violation of the Confrontation Clause. The Tenth Circuit found against Mr. Turner, stating that he "must show there is a reasonable probability that, absent the alleged error, the jury would not have found the weight of the marijuana exceeded 1000 kilograms." See docket no. 5, exhibit A at 6. The Tenth Circuit further indicated there was "a significant amount of evidence to support the jury's finding" and "[i]n light of this evidence" the Court found it could not "conclude there is a reasonable probability that, absent the alleged testimonial hearsay, the jury would not have found the marijuana weighed more than 1000 kilograms." Id. at 7.

Given the weight of the evidence introduced at trial, especially: (1) Agent Ortiz's uncontroverted evidence that the drugs found in Mr. Turner's trailer weighed more than 1000 kilograms, (2) the photographs of sixteen enormous boxes of marijuana removed from the trailer and the bundles or marijuana removed from those boxes, and (3) the testimony of DEA forensic chemist Ms. Furguson that the marijuana seized from Mr. Turner's cab weighed 70.7 kilograms and the marijuana in the trailer weighed 1344.2 kilograms, the Court is extremely skeptical of Mr. Turner's claim that his attorney "made errors so serious that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment" when he chose not to object to the alleged

hearsay statements.  See Strickland, 466 U.S. at 687.  In light of the specific findings in the Tenth Circuit's opinion, however, it is clear that even if Mr. Turner were able to satisfy the first prong of the Strickland test, there is no merit to a claim that Petitioner has satisfied the second prong – that he was prejudiced by his counsel's alleged ineffective performance.  Mr. Turner may have raised a question as to his attorney's failure to timely object on hearsay grounds to some of the Government's evidence, but the result of the proceeding would not have been different if his trial counsel would have objected.  Thus, Petitioner has not raised claims that entitle him to relief pursuant to § 2255.

Wherefore,

Because Petitioner has failed to establish any violation sufficient for the review and granting of a writ permitted by 28 U.S.C. § 2255, **IT IS HEREBY RECOMMENDED THAT** David Lee Turner's federal habeas corpus petition be **DISMISSED WITH PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE